[No. 5,558.—Department Two.]

## ISAAC E. DAVIS ET AL. v. THE SPRING VALLEY WATER WORKS.

VAN NESS ORDINANCE—POSSESSION.—By actual possession, as that term is used in the Van Ness Ordinance, is meant that possession which is accompanied with the real and effectual enjoyment of the property.

ID.—ID.—Certain testimony considered in the opinion, and held to be insufficient to establish possession of land within the meaning of the Van Ness Ordinance.

APPEAL from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

*G. F. & W. H. Sharp*, for Appellants.

The premises in controversy being part of a larger tract occupied and cultivated, and the piece east of the road being unfit for use, a substantial fence constituted actual possession under the Van Ness Ordinance. (*Wolf* v. *Baldwin*, 19 Cal. 316, 319; *City* v. *Biedeman*, 17 id. 443.)

If not sufficient under the Van Ness Ordinance, it constituted a good prior possession, and sufficient to maintain this action against the defendants, a naked intruder. (*Plum* v. *Seward*, 4 Cal. 94; *Potter* v. *Knowles*, 5 id. 87; *Conroy* v. *Duane*, 45 id. 598; *Walsh* v. *Hill*, 38 id. 481; *Cannon* v. *Union Lumber Co.* id. 673; *Bequette* v. *Caulfield*, 4 id. 278.)

The precipitous hill on the east side of the road constituted a natural boundary, and no fence on that line was required. (*Brumagin* v. *Bradshaw*, 39 Cal. 29; *Conroy* v. *Duane*, 45 id. 598.)

Leaving gaps in a fence for a public road to pass through the land does not affect plaintiffs' possession. (*Mayne* v. *Jones*, 34 Cal. 483; *Howell* v. *Rogers*, 47 Cal. 292.)

*Fox & Kellogg*, for Respondent.

There is nothing in the evidence to show that the grantors of the plaintiffs were ever in the actual possession of the land. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Borel* v. *Rollins*, 30 id. 408; *Davis* v. *Perley*, id. 630; *Polock* v. *McGrath*, 32 id. 15; *Judson* v. *Malloy*, 40 id. 299; *Pattee* v. *Moyle*, 44 id. 363.)

MORRISON, C. J.:

This is an action of ejectment to recover a certain tract of land situate in the city and county of San Francisco, and containing about forty acres. The case was tried by the Court, judgment passed for defendant, and plaintiffs moved for a new trial, which was denied by the Court. The appeal is from the order of the Court denying plaintiffs' motion for a new trial.

The following were some of the findings of the Court:

" That in 1853 Otis, the grantor of the plaintiffs, erected two fences, which ran easterly across and beyond the Presidio road upon the same lines with the northern and southern fences of the Bird's Nest, lying west of the road to the eastward. These two fences were united by a third fence, which ran north and south; that these three fences, with a picket fence which ran along the west side of the road, constituted an inclosure. That these fences were built of posts and two boards of irregular widths, placed horizontally from post to post. That this inclosure remained intact but a day or two, when the northern and southern lines were broken down where they crossed the Presidio road. That within a few days said Otis erected another fence of the same character along the western side of the road, which, with those already described, constituted an inclosure.

" That this inclosure continued in good order until the summer of 1855.

" That the tract to the east of the road was never applied to any use by said Otis, his successors, or the plaintiffs, or any of their grantors, except that in 1854, on two or three occasions, a pair of work-oxen were turned into the lot for a few days at a time; and that the said last-mentioned tract on the east side of the road are the premises in controversy in this suit. That said premises are situated in the city and county of San Francisco, and within the provisions of the act of the Legislature of the State of California, approved March 11th, 1858, entitled ' An Act concerning the city of San Francisco,' and to ratify and confirm certain ordinances of the common council of said city, and under the provisions of the orders and ordinances therein recited and referred to.

" That the plaintiff Davis, in 1860, erected a good and substantial fence along the northern and southern lines of the larger tract, commencing on the east side of the road, and on the eastern side of the premises in controversy, which continued for two years, and until the entry of defendants; that he did not build any fence along the eastern side of the road, but the tract was left open on the western side, and did not inclose the premises in controversy.

" That the acts aforesaid did not constitute an actual possession of the premises in controversy, or a possession of the same as required under the Van Ness Ordinance.

" That the plaintiffs have no title to the premises hereinafter described, or any part thereto.

" That there never was any other acts of possession by or on the part of the plaintiffs, their grantors, or any of them, in or upon the premises in the answer herein mentioned, or any part thereof."

It is claimed, on behalf of the appellant, that a possession of the premises in controversy was shown in him, and those under whom he claimed, which was sufficient under the Van Ness Ordinance. It is not pretended, however, that there was any fence along the west line of the tract. All that plaintiff claims is, that a larger tract was at one time fenced, and subsequently the Presidio road was extended across this larger tract, and a fence was thereupon built along the west line of the road, forming a complete inclosure of that portion of tract lying west of the road, but leaving the west line of that portion of the land situate on the east side of the road inclosed on only three sides. There was no fence along the west line. This fact is shown by the diagram exhibited to the Court by both sides during the argument.

Speaking of the character of possession required under the Van Ness Ordinance, the Court says: " By actual possession, as the terms are here used, is meant that possession which is accompanied with the real and effectual enjoyment of the property. It is the possession which follows the subjection of the property to the will and dominion of the claimant to the exclusion of others; and this possession must be evidenced by occupation or cultivation, or other appropriate use, according

to the locality and character of the particular premises. An inclosure by an ordinary fence of the premises without residence thereon, or improvement or cultivation, or other acts of ownership, is of itself insufficient. An inclosure of this character is by itself only the declaration of an intention to appropriate and possess the premises. It does not, unaccompanied with any other acts, constitute the actual possession which the ordinance contemplates." (*Wolf* v. *Baldwin*, 19 Cal. 313. See also *Borel* v. *Rollins et al.* 30 id. 408; *Brumagim* v. *Bradshaw*, 39 id. 24; *Walsh* v. *Hill*, 41 id. 582.)

It is claimed that the land on the east side of the Presidio road was protected along its west line by natural barriers, which, together with the fences on the other three sides of the tract, constituted a complete inclosure. But the evidence does not show that there are any such natural barriers. Indeed, the evidence of the plaintiff himself is adverse to such a conculsion. He says " the land east of the road *would* *not* form a natural barrier to keep cattle in without a fence."

In view of the findings of the Court and the evidence of the case, we are of opinion that no such possession was shown in the plaintiff or his grantors as was required under the Van Ness Ordinance, and we find nothing in the case to justify us in disturbing the order of the Court below.

Order affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.